# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LYNN STRAYHORN,

    Petitioner,

v.                                                    Case No. 08-10345
                                                  Hon. Lawrence P. Zatkoff

RAYMOND BOOKER,

    Respondent.
_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Komives's Report and Recommendation [dkt 10], in which the Magistrate Judge recommends that the Court deny Petitioner's petition for writ of habeas corpus, and grant in part and deny in part a certificate of appealability. Petitioner has filed objections to the Report and Recommendation [dkt 11], and the Court reviews the objected-to portions of the Report and Recommendation *de novo*.

The Court has thoroughly reviewed the court file, the Report and Recommendation, and Petitioner's objections. As a result of that review, the Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendation.

The Court disagrees with the Magistrate Judge's recommendation that a certificate of appealability should issue for Petitioner's claim that his Sixth Amendment right to confront witnesses against him was violated when the trial court admitted the preliminary examination

testimony of Richey and Strayhorn, in which each testified with respect Petitioner's involvement in the crime.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The Confrontation Clause of the Sixth Amendment provides criminal defendants with "the right physically to face those who testify against [them], and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). "Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004). Testimonial evidence includes prior testimony at a preliminary hearing. *Id.* Thus, testimony from a preliminary examination is admissible at trial where (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to cross-examine the declarant. *Id.* at 59, 68.

The Court agrees with the Magistrate Judge's recommendation that Petitioner's petition for habeas relief should be denied. The Court also agrees with the Magistrate Judge's recommendation that Richey and Strayhorn were unavailable to testify at trial despite the prosecution's diligent, good-faith efforts to locate them. However, the Court disagrees that it is reasonably debatable whether Petitioner had an adequate opportunity to cross-examine Richey and Strayhorn at their

2

preliminary examinations such that a certificate of appealability should issue. As the Magistrate Judge correctly concluded, Petitioner "had adequate opportunity to cross-examine Richey and Derrick Strayhorn at the preliminary examination, and counsel took full advantage of that opportunity." From Strayhorn, counsel for Petitioner elicited that he was intoxicated on the night the crime was committed, and that he had no recollection of the events of the evening. From Richey, counsel for Petitioner elicited that he was not charged in the robbery or murder and that his version of the events regarding the night in question had changed, and counsel impeached Richey with prior statements made to police.

Petitioner argues that his right to confront Richey and Strayhorn was violated because his counsel was unable to adequately cross-examine them during the preliminary examinations. Petitioner lists a series of errors and shortcomings in the questions posed to Richey and Strayhorn, and states that his counsel did not subject them to thorough cross-examination. However, clearly established federal law provides that the defendant be given an adequate opportunity to cross-examine the unavailable declarant; *Crawford* does not mandate that the cross-examination be effective or skillfully performed. *Crawford*, 541 U.S. at 68 ("[T]he Sixth Amendment demands what the common law required: unavailability and a prior *opportunity* for cross-examination.") (emphasis added); *see also Jackson v. Brown*, 513 F.3d 1057, 1083-84 (9th Cir. 2008); *Stewart v. Booker*, No. 06-11741, 2008 WL 2478341, at *4 (E.D. Mich. June 17, 2008).

Here, it is not debatable whether Petitioner was given an opportunity to cross-examine Richey and Strayhorn at the preliminary examinations. Petitioner was permitted to ask Richey and Strayhorn questions and impeach them with prior statements. The quality of Petitioner's cross-examination is not implicated by *Crawford*, so long as the *opportunity* to cross-examination was

adequate. *See Glenn v. Dallman*, 635 F.2d 1183, 1187 (6th Cir. 1980) (stating that "while petitioner's counsel did not exercise her opportunity to fully cross examine the witness, she still had that opportunity"). Petitioner misconstrues the holding in *Crawford*, attempting to argue that in addition to an adequate *opportunity* to cross-examine witnesses, the Sixth Amendment also requires a *thorough* cross-examination. However, Petitioner provides no legal authority in support of this position, and the Court is aware of no such authority. Therefore, since Petitioner was given the opportunity to cross-examine Richey and Strayhorn at the preliminary examinations, and his counsel took advantage of those opportunities by asking questions and attempting to impeach, the Court finds that this issue is not debatable, and that a certificate of appealability should not issue.

The Court also disagrees with the Magistrate Judge's conclusion that it is debatable whether Petitioner's right to confront Strayhorn was violated because his preliminary examination testimony included hearsay-within-hearsay, *i.e.*, Strayhorn's prior statement to police. However, the introduction of Strayhorn's prior statement does not violate the Confrontation Clause because Strayhorn was present at his preliminary examination, where his statement was read into the record, and counsel for Plaintiff was given the opportunity to cross-examine Strayhorn at that time. *See Delgadillo v. Woodford*, 527 F.3d 919, 926-27 (9th Cir. 2008) (holding that the admission of a witness's prior statements, which the witness testified to during the witness's preliminary examination, did not violate the Confrontation Clause where the witness was subject to cross-examination regarding the prior statements during the preliminary examination). *See also United States v. Spotted War Bonnett*, 933 F.2d 1471, 1474 (8th Cir. 1991) (holding that where a declarant's out-of-court statement is admitted, the question is whether the defendant had the *opportunity* to cross-examine the declarant). Since Petitioner had the opportunity to cross-examine Strayhorn

4

regarding the statement read into the record during his preliminary examination, the Court finds that Petitioner's right to confront Strayhorn was not violated, and that this conclusion is not debatable such that a certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus [dkt 1] is DENIED.

IT IS FURTHER ORDERED that Petitioner's request to issue a certificate of appealability with respect to Petitioner's confrontation claim (Claim I) is DENIED.

IT IS FURTHER ORDERED that Petitioner's request to issue a certificate of appealability with respect to Petitioner's remaining claims is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 18, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290